UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO. 8:24-cr-110-MSS

GREGORY MUNOZ

**UNITED STATES' SENTENCING MOTION FOR DOWNWARD VARIANCE/DEPARTURE AND SENTENCING MEMORANDUM**

For years, the Defendant Gregory Munoz engaged in an elaborate scheme to defraud his own employer. He abused the trust placed in him as a sales representative of the victim Company to get fraudulent discounts on laboratory products for co-conspirator Pen Yu, who exported the products to China. Since committing those serious crimes, the Defendant has truthfully disclosed his actions and provided substantial assistance to the United States. For these reasons, as elaborated below, the United States respectfully requests that the Court impose a sentence of 30 months in prison.

**I.   The Guidelines and Requested Variance and Departure**

The United States anticipates that the final Pre-Sentence Report will determine that the Defendant's Adjusted Offense Level is 24, and he is criminal history category I. Therefore, his Sentencing Guidelines range is 51 to 63 months in prison.

A. <u>Variance to Avoid Unwarranted Sentencing Disparities</u>

The United States respectfully submits that a downward variance is appropriate in this case to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."). On August 2, 2024, the Honorable William F. Jung sentenced co-conspirator Pen Yu to 44 months in prison, which was a downward variance based on Pen Yu's extraordinary decision to voluntarily return from Taiwan to face charges.

Although this Defendant did not return from overseas to face his charges, the United States views Yu and this Defendant as equally culpable and, therefore, believes that they should receive similar sentences. Indeed, this Defendant and Yu were the most culpable members of the conspiracy within the United States. This Defendant abused his position of trust with his employer to obtain unauthorized discounts, whereas Yu coordinated the orders from China and the shipment of products to China. Accordingly, the United States believes that a variance to 44 months would also be appropriate for this Defendant to avoid unwarranted sentencing disparities.

B. <u>Motion for Downward Departure</u>

The United States has further filed a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1, based on Munoz's cooperation in the prosecution of

others.[1] *See* Dkt. 43. Munoz debriefed extensively with the United States, truthfully providing information about his own culpability and the culpability of other individuals. He also proactively gathered records that the United States had not obtained in its investigation. These efforts enabled the United States to evaluate the culpability of Munoz's employer and others involved in the scheme, and will also enable the United States to charge an equally culpable member of the conspiracy. For these efforts, the United States believes that an additional 3-level downward departure appropriate.

With a criminal history category of I, a variance to 44 months would place Munoz near the low end for an offense level of 22 (41 to 51 months) or near the high end for an offense level of 21 (37 to 46 months). At the low end, applying ann additional 3-level downward departure yields an offense level of 19 and a Guidelines range of 30 to 37 months' imprisonment, or at the high end, an offense level of 18 and a Guidelines range of 27 to 33 months. If this Motion for Departure is granted, the United States is requesting that the Defendant be sentenced within those ranges, to 30 months' imprisonment.

II.     APPLICATION OF 3553(A) FACTORS

A sentence of 30-months' imprisonment is significant but not greater than necessary to serve the factors set forth in 18 U.S.C. § 3553(a). First, looking to the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), the Defendant

---

[1] The United States has filed a Rule 35 Motion to Reduce Sentence for Pen Yu as well, requesting that he be resentenced to 30 months' imprisonment.

3

played a significant role in a years-long conspiracy to defraud his own employer and export analytical standards of chemicals, biological samples, and controlled substances to China. Indeed, the Defendant's key role in the conspiracy lasted nearly seven years, during which he made hundreds of fraudulent misrepresentations to his own employer. *See* PSR ¶¶ 23, 25. Munoz played a unique role in this conspiracy, as he was the only member of the conspiracy who actually worked for the victim company. He abused the trust placed in him to help the conspirators obtain deep discounts and other benefits through a public university's laboratory, using other people's identities to place orders and lying about the purpose of the orders. The Defendants' longstanding role in this serious fraud merits a significant sentence.

The history and characteristics of the Defendant, 18 U.S.C. § 3553(a)(1), also support the United States' requested downward departure and sentence. The Defendant, like Pen Yu, has no criminal history and has accepted responsibility for his crimes. But the Defendant, like Pen Yu, also engaged in this criminal conduct for the better part of a decade, continued the crimes knowing he was under investigation, and only stopped because of law enforcement's intervention in May 2023.

Looking at the need for the sentence imposed to afford adequate deterrence, 18 U.S.C. § 3553(a)(2), a 30-month sentence is appropriate. The Eleventh Circuit has stressed the importance of deterrence in financial crimes, explaining that "Congress, the United States Sentencing Commission, and this Court have all decided that general deterrence is a critical factor that must be considered and should play a role

in sentencing defendants, including those who wear white collars and practice a profession." *United States v. Howard*, 28 F.4th 180, 208 (11th Cir. 2022). Indeed, the Court elaborated that "[g]eneral deterrence is more apt, not less apt, in white collar crime cases" because "economic and fraud-based crimes are more rational, cool and calculated than sudden crimes of passion or opportunity, which makes them prime candidates for general deterrence." *Id.* at 209 (internal marks omitted). The Court continued: "White collar criminals often calculate the financial gain and risk of loss of their crimes, and an overly lenient sentence sends the message that would-be white-collar criminals stand to lose little more than a portion of their ill-gotten gains and practically none of their liberty." *Id.* (internal marks omitted); see also *United States v. Brown*, 880 F.3d 399, 405 (7th Cir. 2018) (agreeing with the "widely accepted principle" that white collar crimes are "prime candidates for general deterrence").

Here, deterrence is an important consideration because of the calculated natures of the Defendant's crimes. The 7-year conspiracy in this case involved hundreds of fraudulent misrepresentations, fraudulent use of other people's identities, and extensive efforts to evade detection, all in the pursuit of financial gain. Munoz benefited from the fraud by easily meeting sales quotas and obtaining sales commissions, all of which were based on lies that he concealed from his employer. Notably, the Defendant even continued his involvement in the conspiracy after knowing he was under investigation. As the PSR describes:

> In December of 2022, Munoz learned that the Company was investigating his conduct. On December 18, 2022, Munoz sent an email to Yu concerning the Company's internal investigation

5

> into Munoz's conduct in helping Yu to place fraudulent orders through the University Stockroom, writing, "Wow I am really screwed now. Anti bribery anti-kickback."

PSR ¶ 72. Despite knowing he was under investigation, the Defendant continued to generate fraudulent quotes to enable this fraud for five additional months, when the conspiracy was finally disrupted by the execution of law enforcement search warrants at his residence. For these reasons, the requested sentence is necessary to deter this Defendant and others similarly situated to him from engaging in this type of highly profitable crime in the future.

## CONCLUSION

For the foregoing reasons, this United States submits that a sentence of 30 months' imprisonment is sufficient but not greater than necessary to serve the factors of 18 U.S.C. § 3553(a).

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   /s/ Daniel J. Marcet
DANIEL J. MARCET
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile:  (813) 274-6358
E-mail: Daniel.Marcet@usdoj.gov

U.S. v. Gregory Munoz                                    Case No. 8:25-cr-110

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Fritz Scheller, Esq.

By:  /s/ Daniel J. Marcet
DANIEL J. MARCET
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6358
E-mail: Daniel.Marcet@usdoj.gov